<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ENOCK TELLUS,

    Plaintiff,

    v.

STATE OF NEW JERSEY,

    Defendant.

No. 25cv1727 (EP) (JSA)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff Enock Tellus, a prisoner incarcerated in Northern State Prison ("NSP") in Newark, New Jersey, seeks to bring this action against the State of New Jersey, alleging that the conditions in NSP subject him to cruel and unusual punishment in violation of the Eighth Amendment. D.E. 1 ("Complaint" or "Compl."). He also filed an application to proceed *in forma pauperis*. D.E. 1-1 ("IFP Application").

Tellus's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. The Court will therefore **GRANT** the IFP Application and screen the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court will **DISMISS** the Complaint *without prejudic*e and grant leave to amend to cure the identified pleading deficiencies. Tellus will have 45 days to file a Proposed Amended Complaint.

## I.    BACKGROUND

Tellus alleges that he is subject to inhumane conditions of confinement in NSP, in violation of the Eighth Amendment. Compl. at 5. The alleged conditions include denial of medical treatment for a toothache, broken water pipes causing leaks in the cells, no clean drinking water, inedible and inadequate amounts of food, and an inability to obtain food or grooming items from

commissary. *Id.* at 6. Tellus also attached a tort claims notice he filed for a state tort law claim based on the conditions in NSP's RHU housing units 1, 2, 3, and 4. D.E. 1-3. Plaintiff seeks damages and injunctive relief to improve the conditions of confinement. Compl. at 7.

## II.    LEGAL STANDARD

District courts are required to review civil complaints filed by prisoners who have been granted IFP status and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(b). When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.    DISCUSSION

### A.    Tellus Has Not Sued a Proper Defendant

To bring a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State"

because the Eleventh Amendment bars such suits unless a State waives its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989). New Jersey has not waived its sovereign immunity for suits under Section 1983. *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (per curiam). Therefore, Tellus must allege his claims against individuals who are personally involved in the constitutional violation alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

**B.    The Court Declines to Exercise Supplemental Jurisdiction Over State Law Claims**

Tellus has not pled a cognizable claim under federal law. Therefore, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Tellus's claim(s) under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:8-1 *et seq.* "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C.A. § 1367(c)(3). The Court will therefore **DISMISS** the Complaint *without prejudice*.

**C.    The Court Will Grant Leave to Amend To Cure the Pleading Deficiencies**

Generally, when a court dismisses a complaint under Section 1915(e)(2)(b), the court should "grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Tellus may be able to name a state actor(s) as a defendant who was personally involved in the alleged unconstitutional conditions at NSP, and thus, cure the deficiency in his § 1983 claim. This would also allow Tellus to assert state tort claims under supplemental jurisdiction, 28 U.S.C. § 1367. The Court will grant Tellus **45 days** to submit a Proposed Amended Complaint. The Proposed Amended Complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a Proposed Amended

Complaint within 45 days of the accompanying Order may result in dismissal of all claims **with prejudice** without further notice.[1]

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Tellus's IFP Application, **DISMISS without prejudice** the Complaint for failure to state a claim, and grant leave to amend within **45 days**.  An appropriate Order follows.


Dated: April 4, 2025

Evelyn Padin, U.S.D.J.

---

[1] The Amended Complaint will supersede the Complaint.  This means when the Amended Complaint is filed, any allegations that have not been included in the Amended Complaint are no longer part of the case.  *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (footnotes omitted).